

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,947-02

### EX PARTE STEVE HERBERT SPECKMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 0861282-A IN THE 372ND DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual assault and was sentenced to thirty years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Speckman v. State*, No. 07-13-00232-CR (Tex. App.—Amarillo May 23, 2014) (not designated for publication).

Applicant contends, among other things, that trial counsel rendered his guilty plea involuntary. After the trial court ordered an affidavit from counsel, adopted the State's proposed

findings of fact and conclusions of law, and recommended that we deny relief, Applicant filed a motion in this Court to dismiss his application. He urges us to dismiss his application without prejudice because it was "pled improperly," "real issues were not developed," and "the issues have been misconstrued."

We order that this application be filed and set for submission to determine: (1) whether we should adopt a rebuttable presumption that a motion to dismiss an Article 11.07 application is unreasonable if the motion is filed in this Court or a trial court after a trial court has factually developed the record and made findings of fact and conclusions of law; (2) if this Court should adopt such a presumption, what factors this Court should consider when determining if an applicant has rebutted this presumption; and (3) what alternatives, other than a dismissal, are available to applicants who wish to dismiss their applications. The parties shall brief these issues.

The trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing either the order appointing counsel or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before 90 days of the date of this order.

Filed: September 14, 2016
Do not publish